**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**HOWARD LARRY**                                                                                 **PLAINTIFF**

v.                             **Case No. 4:08-cv-4159-BSM**

**CITY OF ALTHEIMER; EFREM ELLIOT,**
**individually and in his official capacity; JAMES**
**WILLIAMS, individually and in his official capacity**         **DEFENDANTS**

**ORDER**

Separate defendant City of Altheimer ("Altheimer") moves [Doc. No. 29] for summary judgment on all claims brought against it by Howard Larry ("Larry"). Larry did not respond. For the reasons set forth below, Altheimer's motion for summary judgment is DENIED.

**I. FACTUAL BACKGROUND**

On November 18, 2008, Larry filed suit against two Altheimer police officers, James Williams and Efrem Elliot, as well as the City of Altheimer, alleging that the officers violated his Fourth and Fourteenth Amendment rights. He also alleged state-law tort claims of assault, battery, and false imprisonment. The parties have presented very little in the way of facts or evidence in this case, and Larry has not, after almost six months, responded to Altheimer's motion for summary judgment. It is therefore necessary to address Altheimer's motion on the limited pleadings available.

The facts giving rise this cause of action are alleged by Larry as follows: On January 22, 2008, Larry went to the home of his ex-wife to pick up his van and insurance papers.

Compl. ¶ 6. He then requested to speak to his ex-wife but was told by her father that she was unavailable. *Id.* At some point during this visit, the Altheimer police dispatched officer Williams to her residence. *Id. ¶ 7.*

Although Larry left the residence before Williams arrived, Williams was able to identify Larry's car and pull him over. *Id.* ¶ 8. When Larry inquired about the reason for the stop, Williams told him that a restraining order had been issued and he was not allowed to be at his ex-wife's residence. *Id.* ¶ 9. Larry claimed to have no knowledge of the restraining order, and Williams responded that it would be served later. *Id.* ¶ 10.

At some point during this interaction, Chief Elliot arrived on the scene and told Larry that he would take him back to his ex-wife to "get this matter straight." *Id.* ¶ 11. Allegedly, the officers then handcuffed Larry, put him in the back of a squad car, and transported him back to his ex-wife's residence. *Id.* ¶ 12. Once there, they read him the restraining order in front of his ex-wife. *Id.* ¶ 13. At this point Larry became belligerent, and the officers placed him under arrest for allegedly threatening to kill his ex-wife. Larry was subsequently charged him with terroristic threatening, disorderly conduct, and public intoxication. *Id.* ¶ 15. The charges were later *nolle prossed*. *Id.* ¶ 17. Larry then brought this action pursuant to 42 U.S.C. §§ 1983 and 1988. Additionally, he invoked the pendent jurisdiction of federal courts to hear his state-law assault, battery, and false imprisonment claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to the non-nonmoving party, no genuine issues of material fact exist and the moving party

is entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Larry cannot survive the motion for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by Larry, when viewed in the light most favorable to his case, would not allow a reasonable jury to find in his favor, then summary judgment should be granted in favor of Altheimer. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

## III. DISCUSSION

Altheimer moves for summary judgment on Larry's section 1983 and state-law claims. To support its motion, Altheimer makes two arguments: (1) it is not liable under section 1983 because Larry cannot prove that a custom, policy, or procedure adopted by the city caused his injury; and (2) federal court is not the appropriate forum for Larry's state law claims.

A.  Section 1983 Claims

A municipality is only liable under section 1983 when the violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal policy or practice or the decision of a municipal policy maker. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

It is clear from the evidence that Altheimer's policies do not permit or condone detention without reasonable suspicion or arrest without probable cause. The uncontradicted evidence shows that the official policies and procedures of the Altheimer police department clearly dictate when and how officers may make arrests or detain suspects. Def. Summ. J.

Mot. Ex. 1. The limitations on arrests set by Altheimer fall strictly within the guidelines set by the United States Constitution. Larry has presented no evidence that Altheimer police officers customarily disregard these official policies.

A municipality, however, may also be liable for a failure to train its employees if that failure evinces a deliberate indifference to constitutional rights. *City of Canton v. Harris*, 489 U.S. 378 (1989). In his complaint, Larry specifically alleges that Altheimer's failure to adequately train its police force caused his injury. Compl. ¶ 23. The record contains virtually no evidence to support this claim, yet the claim also goes unaddressed by Altheimer in either its motion for summary judgment or the accompanying brief.

As the moving party, Altheimer has the initial responsibility of pointing out what parts of the record demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While Altheimer is not necessarily required to submit affidavits or similar evidence, it must at least make some affirmative showing that there are no issues of material fact sufficient for trial. *Id.* As such, Altheimer had the burden of affirmatively showing the absence of evidence supporting Larry's failure to train claim. *Id.* at 332 (Brennan, J., dissenting on other grounds).

The police handbook alone is not sufficient to make this affirmative showing. Although it demonstrates the existence of an official policy, it does not demonstrate that officers are informed of the policy, trained in the policy, or even provided with a copy of the handbook. If Altheimer had submitted an affidavit stating that all officers are provided with copies of the manual or trained on it contents, that alone would probably have been sufficient

to grant summary judgment in its favor. But such is not the case. The only evidence available is the handbook itself, which, by itself, is insufficient to demonstrate the required level of training.

While Altheimer affirmatively points to an absence of evidence showing a widespread pattern of unconstitutional conduct, this also fails to defeat Larry's failure-to-train claim. To prove his claim, Larry does not need to show a pre-existing pattern of constitutional violations. Instead he can show that training on a specific subject is obviously necessary to avoid a constitutional violation. *City of Canton*, 489 U.S. at 390; *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). It is virtually axiomatic that police officers must be trained in the proper procedures for arrest and detention in order to avoid constitutional violations. Even with proper training police officers occasionally go beyond the proper scope of their authority in arresting and detaining suspects. A police force completely untrained in the proper constitutional scope of arrest and detention will almost certainly exceed its constitutional authority.

None of this is to say that there is evidence that Altheimer improperly trained its police force. The problem is that neither party addressed the issue. As the moving party, Altheimer had the burden of showing an absence of material facts, and it failed to meet this burden. As such, summary judgment is inappropriate.

B.   <u>State Law Claims</u>

Altheimer correctly points out that Larry's state law tort claims are not actionable under section 1983 and argues that supplemental jurisdiction should consequently be

declined. Here, Altheimer's argument is about subject matter jurisdiction and not properly made in a motion for summary judgment. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). A court that lacks subject matter jurisdiction may not properly enter an order on the merits. Summary judgment is a judgment on the merits and therefore may not be entered without subject matter jurisdiction. Furthermore, as a judgment on the merits, an order granting summary judgment has a preclusive effect. Dismissal for subject matter jurisdiction, on the other hand, still allows the same action to subsequently be brought in a different court. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2713 (3d ed. 1998). It would be inappropriate to dismiss Larry's state law claims on summary judgment for lack of subject matter jurisdiction and possibly preclude him from bringing them in an appropriate forum.

Even if Altheimer's motion is construed as a motion to dismiss for lack of subject matter jurisdiction, the motion is still denied. A federal district court has supplemental jurisdiction over claims that form part of the same case or controversy as claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). Because there is original jurisdiction over Larry's section 1983 claims and they are part of the same controversy as his state law claims, supplemental jurisdiction is appropriate.

There may be some question about whether Larry's state-law claims predominate given that his section 1983 claims would likely not have survived but for defendant's failure to adequately address all the potential bases of liability. Considering, however, that neither party has presented evidence on Larry's failure to train claim, it is inappropriate at this point

to make a determination about the extent to which Larry's state law claims predominate.

IV. CONCLUSION

Because Altheimer did not address Larry's claims for failure-to-train, its motion for summary judgment is denied. Because there is subject matter jurisdiction over Larry's state law claims, those claims are not dismissed.

IT IS SO ORDERED this 14th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE